IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CYRILENE EASTMOND** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 21-5280 |
| | : | |
| **CITY OF PHILADELPHIA et al.** | : | |

**McHUGH, J.**                                                                                           **August 12, 2024**

## MEMORANDUM

This is an employment action brought by Cyrilene Eastmond, a former medical director, against her previous employer, the City of Philadelphia's Department of Public Health, and her supervisor, Dr. Yelena Galkin. Eastmond moves for reconsideration of this Court's Order entered on February 2, 2024 (ECF 36), granting summary judgment for Defendants on the Family and Medical Leave Act (FMLA) retaliation claim.[1] Eastmond argues that following the Supreme Court's decision in *Muldrow v. City of St. Louis*, 144 S. Ct. 967 (2024), under Title VII, a more liberal standard should apply for what constitutes an adverse employment action with respect to an FMLA retaliation claim. Mot. for Recons. 3-4, ECF 40. Additionally, Eastmond requests reconsideration of the Court's decision to apply the *McDonnell-Douglas* framework instead of the *Price-Waterhouse* mixed-motive framework. Mot. for Recons. 7-9. *Muldrow* did not change the law as to retaliation claims, and Plaintiff does not advance sufficient grounds to reconsider the application of the *McDonnell-Douglas* standard. The Motion for Reconsideration will therefore be denied.

---

[1] Plaintiff's Complaint included seven claims: FMLA interference (Count I), FMLA retaliation (Count II), ADEA (Count III), ADA discrimination (Count IV), ADA retaliation (Count V), PHRA discrimination (Count VI), and PHRA retaliation (Count VII). Compl., ECF 1. I granted Defendants' Motion for Summary Judgment on all counts except Count I. ECF 36.

I.      **Relevant Background**

The factual allegations in this case are set forth in significant detail in my prior memorandum issued on February 2, 2024.  ECF 35.  As such, I will review only facts relevant to this Motion.

Dr. Eastmond worked as a Medical Clinical Director of Health Center #9 for the City of Philadelphia's Department of Public Health during the relevant period.  In March 2020, Dr. Eastmond used FMLA leave to care for her sick mother and, a few weeks later, requested additional FMLA leave after her mother passed away.  Eastmond Dep. 17:01-18:07, ECF 22-2. During Dr. Eastmond's leave, Dr. Barabara Westerhaus became the acting Medical Clinical Director of Health Center #9.  Westerhaus Dep. 12:12-23, ECF 29-5.

On June 9, 2020, Dr. Eastmond returned to work and met with Dr. Galkin and the Director of Health Center #5 about the many changes implemented due to COVID-19, including Dr. Eastmond's reassignment to a new role created to help manage the pandemic as Clinical Director of Special Projects.  Eastmond Dep. 21:01-06; Galkin Dep. 88:08-15, ECF 23-2.  Both parties agree that the new role had benefits, title, and salary similar to those of her old position.  *See* Eastmond Dep. 31:11-24; Galkin Dep. 55:11-24.

After this news, Dr. Eastmond contacted Human Resources to express concerns about her new position, and representative Alicia Wright-Lewis suggested she communicate with her supervisors and request an audit to assess whether the new position was equivalent to her prior role. Wright-Lewis Dep. 81:08-82-09, ECF 29-3.  Dr. Eastmond did not proceed with this process nor take further action to address her dissatisfaction with the new role.  Eastmond Dep. 36:9-18, 37:02-08.

On June 12, 2020, Dr. Eastmond received an email providing details about her new role, and two days later, on June 14, she submitted her letter of resignation. *Id.* at 42:11-16, 43:02-11.

On February 2, 2024, I granted Defendant City of Philadelphia's Motion for Summary Judgment on all counts but Count I, the FMLA interference claim. ECF 36. Plaintiff now moves for reconsideration on Count II, FMLA retaliation.

**II.     Standard of Review**

The Third Circuit has stated that "[t]he scope of a motion for reconsideration . . . is extremely limited," *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011), and its purpose "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). To prevail on a motion for reconsideration, the moving party must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court" entered its prior ruling; "or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

**III.    Discussion**

    **A.  *Muldrow* does alter the standard for FMLA retaliation claims.**

Plaintiff requests I reconsider her FMLA retaliation claim and apply the lowered adverse employment action standard the Supreme Court established in *Muldrow* for a Title VII discrimination claim.[2] *Muldrow* resolved whether a discrimination claim under Title VII required

---

[2] FMLA retaliation claims in the Third Circuit require Dr. Eastmond to prove that: "(1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights." *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 302 (3d Cir. 2012) (citations omitted).

the employee to prove a heightened standard of harm for an alleged adverse action.[3] 144 S. Ct. at 973. The Supreme Court held that using a standard of "significant" harm is more than Congress intended, and instead, the employee "must show *some* harm respecting an identifiable term or condition of employment."[4] *Id.* at 974 (emphasis added).

*Muldrow* made clear however, that the "materially adverse" standard established in *Burlington Northern and Santa Fe Railway Co. v. White,* 548 U.S. 53 (2006) still applied for Title VII retaliation claims, and it would be a "mismatch" to "import" the lower standard to a retaliation claim. *Muldrow*, 144 S. Ct. at 976. It differentiated discrimination claims from retaliation claims by explaining that the higher standard for a retaliation claim is "meant to capture those employer actions serious enough to 'dissuade a reasonable worker from making or supporting a charge of discrimination.'" *Id*. (quoting *Burlington Northern*, 548 U.S. at 68) (cleaned up).

Plaintiff is correct that courts to some extent look to Title VII in FMLA claims but because *Muldrow* did not change the standard for retaliation claims, applying it here would not change the analysis.

---

[3] In *Muldrow*, a female sergeant sued under Title VII, alleging sex discrimination after her new commander transferred her to a role with similar pay and benefits but with less prestige in favor of a male police officer. 144 S. Ct. at 972-73.

[4] The Court reviewed Title VII's text and interpreted "discriminate against," 42 U.S.C. § 2000e-2(a)(1), to mean treating a person "worse" than another based on a protected characteristic. *Muldrow*, 144 S. Ct. at 974 (quoting *Bostock v. Clayton Cnty.*, 590 U.S 644, 658 (2020)). The statutory text does not indicate "how much worse" the treatment should be. *Id*. In job reassignment cases, the negative treatment must be tied to the "terms or conditions" of employment, which is broadly defined and not limited to only a contractual scope. *Id.* (citations omitted).

**B. Plaintiff has not advanced any legally valid basis to reconsider application of the *McDonnell-Douglas* burden-shifting framework**

Next, Plaintiff requests I reconsider my rejection of the *Price Waterhouse* framework as it applies to her FMLA retaliation claim. An FMLA retaliation claim requires proof of retaliatory intent. In evaluating these claims, courts apply the mixed-motive framework established in *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989) or the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Plaintiff merely repeats arguments previously considered and rejected and has therefore failed to advance any proper basis for reconsideration.

**Conclusion**

For the reasons set forth above, Plaintiff Cyrilene Eastmond's Motion for Reconsideration will be denied. An appropriate Order follows.

/s/ Gerald Austin McHugh
United States District Judge